## CHARLES A. COWEN & CO. v. PRICE.

### (Circuit Court of Appeals, Second Circuit. February 10, 1913.)

### No. 118.

MUNICIPAL CORPORATIONS (§ 809*)—STRUCTURES IN STREET—LIABILITY OF CONTRACTOR.

A general contractor, who has occasion to build a temporary bridge over an excavation in a crowded thoroughfare for use by the public, may build it himself, or he may employ some one else to build it, but in either case he is responsible for the manner in which the work is done; nor does his duty end when a suitable and safe structure has been furnished, but he must see that it remains so, and is liable if he fails to discover and remedy an obvious defect, and injury results therefrom.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1688–1694; Dec. Dig. § 809.*]

In Error to the District Court of the United States for the Southern District of New York; Charles M. Hough, Judge.

Action at law by Mary C. Price against Charles A. Cowen & Co. Judgment for plaintiff, and defendant brings error. Affirmed.

Amos H. Stephens, of New York City (E. Clyde Sherwood, of New York City, and William B. Davis, of counsel), for plaintiff in error.

Franz Neilson, of New York City (Wilbur F. Earp, of New York City, of counsel), for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

COXE, Circuit Judge. This action is to recover damages for injuries received by Mary C. Price, caused by a defect in a temporary bridge, which was built over an excavation on Sixth avenue, New York, with steps leading up to and down from the bridge. The plaintiff had crossed the bridge and was going down the steps at the north end when a part of the second step gave way under her weight—she weighed 215 pounds—causing her to fall. From this fall she received injuries for which the jury gave her a verdict of $2,000 against the general contractor, Cowen & Co., and released the subcontractor, Miller, Daybill & Co. This finding exonerates the subcontractor from the charge of negligence. If, however, the finding had been otherwise, it would not operate to discharge the general contractor who had charge of the work. The general contractor might delegate a part of the work, but that fact does not relieve him from liability if the bridge were improperly constructed or negligently maintained. The public had a right to use the bridge and to rely upon its being in a safe condition.

The duty of the subcontractor ended when a safe and properly constructed bridge was completed. Thereafter the general contractor undertook the duty of its inspection and maintenance. After the bridge was accepted by the general contractor, that corporation assumed the responsibility of keeping it in repair and was responsible for its condition. If it permitted the structure to get into a dangerous condition so that it became a menace to pedestrians passing along one of the

principal streets of the city, the contractor was guilty of negligence. The question whether the defendant was in fault was one of fact and the jury, if they believed the plaintiff and her witnesses, was fully justified in finding a verdict in her favor. The testimony for the plaintiff was to the effect that a part of the step which caused the fall became detached and caught the plaintiff's foot as she descended the steps. Either this piece was insecurely nailed to the tread or it broke off from the plank. In either event, the steps were not in a proper condition for the use of the crowds which are constantly passing up and down Sixth avenue. This testimony was contradicted by the defendant's witnesses but the jury evidently believed the plaintiff's version of the accident and their conclusion on the facts should not be disturbed by an appellate court. If the condition of the step was such that an ordinary pedestrian stepping upon it would cause it to give way, it was the duty of the jury to say whether such condition could have been discovered by a reasonably careful inspection on the part of the defendant. All of these questions of fact were fairly submitted to the jury.

The defendant contends that the general contractor had discharged his full duty when he employed a competent subcontractor to construct the bridge, and if a safe bridge were thus built, the duty of the general contractor was done. This contention in effect releases both contractors from liability. The subcontractor, because he has done the work which he was employed to do, his work has been accepted and paid for and he has been discharged. The general contractor, because when he accepted the bridge, it was properly built and in a safe condition. We think such a rule leaves out of sight the obligation which a general contractor owes to the public. For the time being he is in entire charge of the premises and the work thereon and it is his duty to see not only that the sidewalk is in a safe condition when completed, but also, by careful inspection and constant diligence, he should see that it is kept in such condition. Otherwise the public, who have a right to assume that the city streets may be safely traversed, will be left without redress if they are injured. A contractor who has occasion to construct a bridge in a crowded thoroughfare may build it himself or he may employ some one else to build it. His duty does not, however, end when a suitable and safe structure has been furnished, he must see that it remains so, and is liable if he fails to discover and remedy an obvious defect, and injury results therefrom.

Some of the authorities cited by the defendant seem to indicate a different doctrine, but when examined in the light of the circumstances of each case we think they are not in conflict with the rule as above stated.

The judgment is affirmed with costs.